UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | | |
|---|---|---|
| ADAM COMBS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 2:21-00073-GFVT |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| MARC L. FIELDS, *et al*., | ) | **&** |
| | ) | **ORDER** |
| Defendants. | ) | |
| | ) | |

**\*\*\* \*\*\* \*\*\* \*\*\***

Adam Combs, an inmate at the Kenton County Detention Center, claims his constitutional rights have been abridged by prison officials' failure to provide him with proper kosher meals. The Court granted Combs's motion to proceed *in forma pauperis* by prior order. [*See* R. 8.] Accordingly, Combs's complaint is now before the Court for an initial screening. *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Pursuant to these statutes, the Court shall dismiss any portion of the complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. Because Combs is proceeding without an attorney, the Court evaluates his complaint under a more lenient standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). Nevertheless, for the reasons that follow, the Court must **DISMISS** Combs's allegations.

In his complaint, Combs lists several dates on which the Kenton County Detention Center allegedly failed to provide him with a proper kosher tray at mealtime, despite the fact that Combs officially requested kosher meals as a result of his Jewish faith. [*See* R. 6 at 2-3.] Combs claims he filed several grievances which were responded to by Trinity Foods and/or Sergeant

Stephenson.  [*Id.*]  Although the responses indicated the Kenton County Detention Center was aware of the problem and that it would soon be fixed with the kitchen, Combs claims he continued to receive non-compliant meals on certain dates.  [*Id.*]  Accordingly, Combs seeks one million dollars in damages and injunctive relief in the form of appropriate kosher meal trays.  [*Id.* at 8.]

Although Combs mentions a Sergeant Stephenson, the complaint clearly identifies Marc L. Fields and John Varnado as the two defendants to his civil rights claims.  [*See id.* at 1-2.]  According to Combs, Fields is the Kenton County Detention Center Jailer and John Varnado is the CEO of Trinity Foods.  Beyond listing these two defendants as parties to the suit, Combs provides no facts about Fields or Varnado.  While there are references to Trinity Foods as a company, neither individual is mentioned in the factual discussion section of the complaint.  [*See id.* at 1-3.]

Federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do to create the basis of the plaintiff's claims against him.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).  Moreover, personal liability in a civil rights action brought under 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights.  *See Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *see also Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981).  Indeed, "[e]ven a *pro se* prisoner must link his allegations to material facts . . . and indicate what each defendant did to violate his rights."  *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citations omitted).

As stated above, Combs's complaint fails to allege that either Fields or Varnado was personally involved in conduct that violated his First or Eighth Amendment rights.  And to the

extent that Combs seeks to hold Fields and/or Varnado responsible for the conduct of their employees, he may not do so.  When bringing 42 U.S.C. § 1983 claims, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."  *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984).  Instead, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution."  *Iqbal*, 556 U.S. at 676.

Because Combs fails to set forth specific allegations against Fields and Varnado, his allegations against them will be dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2), 1915A.  Accordingly, the Court hereby **ORDERS** as follows:

1.      Combs's complaint [R. 1] is **DISMISSED**;

2.      Judgment will be entered contemporaneously herewith; and

3.      This action is **CLOSED** and **STRICKEN** from the active docket.

This the 5th day of August, 2021.

Gregory F. Van Tatenhove
United States District Judge